IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OTIS D. COLLINS                    :
                                   :
v.                                 :
                                   :    Civil No. WMN-05-1613
PRINCE GEORGE'S COUNTY             :
 HOUSING DEVELOPMENT               :
 CORPORATION et al.                :

**MEMORANDUM**

Before the Court is Defendant John Barr's motion to dismiss Count III of the complaint. Paper No. 22. The motion is ripe. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be denied.

At all relevant times, Plaintiff was a Board Member for the Prince George's County Housing Development Corporation (PGCHDC). Defendant Barr was also a member of the Board. After PGCHDC's failed to collect and pay federal employment taxes for its employees, the Internal Revenue Service (IRS) initiated a collection action against Plaintiff. Plaintiff ultimately paid the IRS more than $10,000 for unpaid taxes, interest, and penalties. Plaintiff filed this action seeking, inter alia, contribution from Defendant Barr for the amount Plaintiff paid in excess of his proportionate share of the tax obligation.

Defendant Barr has moved to dismiss the complaint, arguing that Plaintiff cannot obtain contribution from him as he could

not be held liable for the unpaid taxes under § 6672 of the Internal Revenue Code.  In support of that argument, Barr notes that Plaintiff has failed to allege that Barr was "'required to collect, truthfully account for, and pay over any tax'" or "'willfully' failed to collect taxes, failed to 'truthfully' account for taxes, or 'willfully' attempted to evade or defeat the payment of taxes."  Mot. 2.  Defendant Barr also submitted an affidavit in which he denied those same obligations and actions.

Defendant Barr takes too simplistic a view of liability under § 6672.  Section 6672 of the Code "imposes personal liability, in an amount equal to an employer's deficient taxes, upon those officers or employees (1) responsible for collecting, accounting for, and remitting payroll taxes, and (2) who willfully fail to do so."  Plett v. United States, 185 F.3d 216, 218 (4th Cir. 1999).  Courts generally refer to individuals liable under this provision as the "responsible party" and there are typically multiple persons deemed responsible parties for any given company.  Id. at 219.

The Fourth Circuit has summarized the test for whether a particular individual is a "responsible party" as follows:

> To determine who within a company is a "responsible person" under § 6672, we undertake a pragmatic, substance-over-form inquiry into whether an officer or employee so participate[d] in decisions concerning payment of creditors and disbursement of funds that he effectively had the authority-and hence a duty-to ensure payment of the

> corporation's payroll taxes.  Stated
> differently, the crucial inquiry is whether
> the person had the "effective power" to pay
> the taxes - that is, whether he had the
> actual authority or ability, in view of his
> status within the corporation, to pay the
> taxes owed.  Several factors serve as indicia
> of the requisite authority, including whether
> the employee (1) served as an officer of the
> company or as a member of its board of
> directors; (2) controlled the company's
> payroll; (3) determined which creditors to
> pay and when to pay them; (4) participated in
> the day-to-day management of the corporation;
> (5) possessed the power to write checks; and
> (6) had the ability to hire and fire
> employees.

Id. (citations and internal quotations omitted).

As for the meaning of "willfully" under the statute, courts

have also interpreted that term somewhat broadly:

> [T]o determine whether the "responsible
> person" "willfully" failed to collect,
> account for, or remit payroll taxes to the
> United States, we inquire whether the
> "responsible person" had knowledge of
> nonpayment or reckless disregard of whether
> the payments were being made.  A responsible
> person's intentional preference of other
> creditors over the United States establishes
> the element of willfulness under § 6672(a).
> And an intentional preference, in turn, is
> established by showing that the responsible
> person knew of or recklessly disregarded the
> existence of an unpaid deficiency.

Id. (citations and internal quotations omitted); see also In re

Chene, 236 B.R. 69, 72 (Bankr. M.D. Fla. 1999) ("Willfulness may

be as simple as the responsible person knowing that the trust

fund taxes were not remitted to the government and failing to

rectify the situation.").

Under § 6672(d), an individual found liable under § 6672(a) has a right of contribution from other persons who would also be liable.  Plaintiff has alleged that he was found liable for PGCHDC's tax obligations solely based upon his membership on PGCHDC's board and further alleges that "[t]he Defendant Board Members and Directors[, including Barr,] are equally responsible for PGCHDC's tax obligations."  Compl. ¶ 43.  The Court finds Plaintiff's allegations sufficient to state a cause of action for § 6672(d) contribution under the liberal pleading requirements of the Federal Rules.  Furthermore, Defendant Barr's perfunctory denials that he does not meet the rigid statutory definition of a "responsible party" and that his actions were not "willful" are insufficient to entitle him to judgment at this stage in the litigation.  The statements in his affidavit do not rule out the possibility that he had the "effective power" to make the tax payments at issue and had knowledge of, or was recklessly indifferent to, the fact that they were not paid.

A separate order consistent with this memorandum will issue.


                                    /s/
                         _____
                         William M. Nickerson
                         Senior United States District Judge

4

Dated: January 17, 2006