```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


OTIS D. COLLINS                    :
                                   :
v.                                 :
                                   :   Civil No. WMN-05-1613
PRINCE GEORGE'S COUNTY             :
 HOUSING DEVELOPMENT               :
 CORPORATION et al.                :
```

**MEMORANDUM**

Upon review of the docket in this action after last week's telephone conference, the Court notes that there are pending motions for default judgments against Defendants William Ampofo (Paper No. 32); Frank Blackwell (Paper No. 33); Diane Fennell (Paper No. 34); and Prince George's County Housing Development Corporation (Paper No. 35).  The Court had delayed addressing these motions in the hope that the parties actively litigating this matter would be able to reach some global resolution of the dispute.  As that now appears less likely, there is no reason for further delay in addressing these motions.

After its amendment in 1996, Section 6672 of the Internal Revenue Code now provides that "[i]f more than 1 person is liable for the penalty under subsection (a) with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of the amount paid by such person over such person's proportionate share of the penalty."  26 U.S.C. § 6672 (d).  Plaintiff brought this action after being compelled to pay the entirety of a tax penalty for unpaid employment taxes owed by

Defendant Prince George's County Housing Development Corporation (PGCDC).  The Complaint alleges that Ampofo, Blackwell, and Fennell were "equally responsible" for that tax obligation and, as a result of the defaults of those defendants, those allegations are deemed admitted.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2nd Cir. 1992). Furthermore, the Complaint alleges that PGCHDC's Articles of Incorporation require the corporation to indemnify its directors and officers against all expenses incurred because of their status as directors or officers.  This allegation is also deemed admitted due to PGCDC's default.

  Thus, the Court will grant Plaintiff's motions for default judgments.  A final order of judgment, however, cannot be issued until the liability of the three answering defendants is determined.  A separate order will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: March 20, 2007