```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND


OTIS D. COLLINS                  :
                                 :
v.                               :
                                 :  Civil No. WMN-05-1613
PRINCE GEORGE'S COUNTY           :
 HOUSING DEVELOPMENT             :
 CORPORATION et al.              :
```

**MEMORANDUM**

Before the Court is Defendant John Barr's motion for summary judgment. Paper No. 57. The motion is ripe. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion must be granted.

The facts in this action are largely undisputed. From November 1997 through January 2000, Mr. Collins was a member of the Board of Directors and also served as the President of the Prince George's County Housing Development Corporation (PGCHDC). During that period, PGCHDC failed to collect and pay federal employment taxes for its employees. In 2000, the Internal Revenue Service (IRS) initiated a collection action against Mr. Collins to recover those uncollected taxes and he ultimately paid the IRS more than $10,000.

During the same period from 1997 to 2000, Defendant Barr served as a pro bono attorney for PGCHDC. At some point, he was also elected to the Board of Directors, but never served as an

officer of the corporation.  He states that, in his role as a member of the Board, he "attended periodic meetings, drafted various legal documents not related to IRS tax issues; and sometimes provided legal advice, pro bono, to the Corporation." Barr Aff. ¶ 12.  He was present, as a voting Board member, at only one meeting where the issue of the outstanding debt to the IRS was discussed.  At that meeting, Mr. Barr made a motion "to authorize the Executive Director to negotiate the payment terms of the IRS debt . . . ."  Barr's Ex. 5.  The motion passed unanimously.

Mr. Collins filed this action seeking indemnification and/or contribution from PGCHDC and the other Board members for the amount he paid in excess of his proportionate share of the tax obligation.  Several of the named Board members were subsequently dismissed after Mr. Collins failed to serve them with the summons and complaint within the time allowed.[1]  Two of the remaining Board members, Henry Arrington and Carl Williams, answered the Complaint but have not otherwise participated in this litigation. Default was entered against three of the Board members (William Ampofo, Frank Blackwell, and Diane Fennell), as well as against PGCHDC.

Defendant Barr, in response to the Complaint, filed a motion

---

[1] Those dismissed were Norma Hamm, Dorothy Thomas, Katrina Stanley and Lee Rigby.

2

to dismiss on the ground that, as he was not a person "required to collect, truthfully account for, and pay over any tax," the IRS could not find him liable for the unpaid taxes and, thus, Mr. Collins cannot look to him for contribution.  Mot. to Dismiss ¶ 2.  The Court denied the motion, finding Mr. Barr's perfunctory denials insufficient to entitle him to judgment at that stage in the litigation.  The Court appointed counsel for Mr. Collins[2] and the case proceeded through discovery.  Discovery is largely completed and Mr. Barr now moves for summary judgment on the same ground, but on a more fully developed record.

Under § 6672(d) of the Internal Revenue Code, an individual found liable under § 6672(a) has a right of contribution from other persons who would also be liable.  Section 6672(a) provides,

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).  Courts have interpreted this provision to mean that a person "can be liable under section 6672(a) only if

---

[2] The Court expresses its appreciation to Mr. Andrew Winick for accepting that appointment and ably and diligently representing Mr. Collins.

3

(1) he is a 'responsible person' under a duty to collect, account for, and pay over trust fund taxes, and (2) he willfully fails to discharge his duties as a responsible person." Turpin v. United States, 970 F.2d 1344, 1347 (4th Cir. 1992).  The Fourth Circuit has observed that, in determining liability under § 6672, the "crucial inquiry [is] whether the person had the effective power to pay taxes - that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay taxes owed." Plett v. United States, 185 F.3d 216, 219 (4th Cir. 1999).  The Fourth Circuit also identified a number of factors that are "indicia of the requisite authority." Id.  These factors include "whether the employee (1) served as an officer of the company or as a member of its board of directors; (2) controlled the company's payroll; (3) determined which creditors to pay and when to pay them; (4) participated in the day-to-day management of the corporation; (5) possessed the power to write checks; and (6) had the ability to hire and fire employees." Id. This multi-factor test contemplates that the responsible person must have significant control over the corporation's finances; however, exclusive control is not necessary. Greenberg v. United States, 46 F.3d 239, 243 (3d Cir. 1994).  Furthermore, these factors must be evaluated together; no single factor is dispositive or determinative of authority. Barnett v. IRS, 988 F.2d 1449, 1455 (5th Cir. 1993).

As the record demonstrates, the single factor favoring a finding that Mr. Barr was a "responsible person" is the first -

4

he was a member of the board of directors.  None of the other factors are present, however.  According to the PGCHDC Bylaws attached to Mr. Barr's motion, the day to day operations of the corporation were to be conducted by an Executive Director.  Bylaws, § 10.  The corporation had an Executive Director, Eddie Tobias, in place during the relevant time period.  The Bylaws also stated that checks were to be "executed, on behalf of the corporation, by the treasurer."  Id. § 4.  The president, "at the direction of the treasurer," was also authorized to execute checks.  Id. § 9(a).  There is nothing in the Bylaws or elsewhere in the record that would imply that a Board member who was not also an officer would have any control over the payroll, would determine what creditors to pay or not pay, or would have the power to write checks.

Mr. Collins does argue that Mr. Barr had the ability to hire employees based on a reference to Mr. Barr's involvement in finalizing the employment contract with Mr. Tobias, the Executive Director, in the minutes of the July 8, 1998, Board of Directors meeting.  See Pl.'s Ex. A.  Finalizing the terms of the employment contract, however, does not equate with the authority to hire and fire employees.

While the Court has not discovered a case precisely addressing the situation presented here, the Court finds a decision from the Eastern District of New York, Simpson v. United States, 664 F. Supp. 43 (E.D.N.Y. 1987), instructive.  In Simpson, the IRS sought to assess the uncollected employment

5

taxes of a not-for-profit hospital on the members of the hospital's Board of Trustees.  The government argued that the trustees were responsible persons "because the board held monthly meetings and made financial decisions for [the hospital]." Simpson, 664 F. Supp. at 49.  The record demonstrated, however, that the trustees, who served without compensation, "were not involved in the day-to-day operation of [the hospital], did not sign checks, did not decide which creditors would be paid, did not hire or fire employees, and did not involve themselves in the collection, accounting for, or payment over of withholding taxes."  Id.  Quoting a decision of the Court of Appeals for the Federal Circuit observing that "'in no case has an outside director of a publicly held corporation,'" under similar circumstances, "'been held a "responsible" person under § 6672,'" the court granted summary judgment in favor of the trustees.  Id. at 48 (quoting Godfrey v. United States, 748 F.2d 1568, 1576 (Fed. Cir. 1984)).

In reaching its conclusion, the Simpson court also highlighted additional public policy concerns implicated when the government attempts to apply § 6672 against uncompensated board members of not-for-profit organizations.

> If the government's reading of "responsible person" were adopted, no rational individual would volunteer to serve on the board of a not-for-profit corporation, unless, at least, he were covered by a substantial insurance policy.  There is a sufficient social value in having individuals agree to serve on the boards of hospitals, schools, houses of worship, and the like that society ought to

6

>     be willing to permit such service to be
>     unhindered by the risk of massive personal
>     tax liability.  Of course, unpaid service on
>     the board of a not-for-profit institution
>     should not confer automatic immunity from the
>     strictures of section 6672.  If a board does
>     take an active role in an institution's
>     financial affairs-particularly its tax
>     affairs-and the institution's paid
>     administrators use the board as a shield
>     against liability by abdicating the
>     responsibility to pay taxes, the board
>     members may well be deemed responsible
>     persons.  Here, however, there is nothing to
>     indicate that the trustees were involved with
>     [the hospital]'s tax situation to the extent
>     necessary to trigger liability.

Id. at 49.

Mr. Collins makes one last argument that requires brief response.  Mr. Collins contends that he made the same arguments to the IRS that Mr. Barr now raises and the IRS rejected them.  For this Court to now accept those arguments "would appear patently unfair and judicially inconsistent."  Opp. at 6.

Mr. Collins and Mr. Barr, of course, were not in identical positions.  Mr. Collins was an officer as well as a Board member of PGCHDC and the Bylaws expressly provided that he, unlike Mr. Barr, had check writing authority.  Check writing authority is a factor which at least some courts have considered particularly significant.  See, e.g., Rizzuto v. United States, 889 F. Supp. 698, 704 (S.D.N.Y. 1995) ("The ability to write checks or control funds is significant because it demonstrates the power to pay the withheld taxes to the Government instead of paying other creditors."); Greenberg v. United States, 873 F. Supp. 912, 916 (M.D. Pa. 1993) ("One important measure of this control or

7

influence is the power to sign checks."); Kappas v. United States, 578 F. Supp. 1435, 1439 - 1440 (D.C. Cal. 1983) ("it has been held that '[a]uthority to co-sign [checks] in effect gives one the authority to decide which creditors should be paid.'") (quoting Burack v. United States, 461 F.2d 1282, 1291 (Ct. Cl. 1972)).  Furthermore, this Court does not have before it the entire record upon which the IRS made its determination, nor is the Court fully aware of the manner in which Mr. Collins challenged that determination.

It may well be that the IRS erred in foisting PGCHDC's tax liability upon Mr. Collins.  Mr. Collins certainly believes that to be the case.  Regardless, that is not the issue before this Court.  What is before the Court is the liability of Mr. Barr under § 6672.  To find Mr. Barr liable on the ground that Mr. Collins was found liable would simply compound the error, if indeed the IRS decision was erroneous.

For these reasons, the Court must grant Mr. Barr's motion for summary judgment.

There remains in this action the unresolved claims against Defendants Henry Arrington and Carl Williams, as well as the yet-to-be finalized default judgments against William Ampofo, Frank Blackwell, Diane Fennell, and PGCHDC.  As to Defendants Arrington and Williams, Mr. Collins has filed a motion seeking the entry of default against them based upon their failure to respond to discovery.  Paper No. 61.  To date, Arrington and Williams have:

8

failed to submit a status report, as ordered by the Court in its December 13, 2007 Scheduling Order; failed to submit a status report as requested by the Court on January 25, 2007; failed to participate in this Court's March 15, 2007, telephone scheduling conference, despite notice of the conference from the Court; failed to propound any discovery; failed to respond to discovery propounded by Mr. Collins; and failed to file a dispositive motion.  They have now failed to oppose Mr. Collins' instant motion.

Although Mr. Collins requests the entry of default against Arrington and Williams based upon their failure to respond to discovery, he does not identify the authority upon which that default would be entered.  The Court assumes Rule 37 is intended.  Before entering a default under Rule 37, however, a district court must, in all but the most egregious cases, give the offending party a warning that it is at risk of such a sanction if it disobeys the court's order.  See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).  The Court now gives that warning.  Defendants Arrington and Williams have 10 days from the date of this order to show cause why default judgment should not entered against them for their failure to defend this action.

A separate order consistent with this memorandum will issue.

9

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: July 5, 2007.